IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
R&Q REINSURANCE COMPANY, etc.,   )
                                 )
             Plaintiff,          )
                                 )
     v.                          )      No.  12 C 9788
                                 )
SENTRY INSURANCE A MUTUAL        )
COMPANY,                         )
                                 )
             Defendant.          )
```

MEMORANDUM ORDER

R&Q Reinsurance Company ("R&Q") has just filed this action, which involves reinsurance disputes, against Sentry Insurance ("Sentry"), and this Court is contemporaneously issuing its customary initial scheduling order calling for a status hearing to be held some seven weeks out. This memorandum order, however, is issued sua sponte to address a procedural question that R&Q's Complaint does not answer.

R&Q has properly invoked federal subject matter jurisdiction on diversity of citizenship grounds: Under the dual citizenship provisions of 28 U.S.C. §1332(c)(1), Complaint ¶4 alleges that R&Q is a citizen of Pennsylvania (its place of incorporation) and of Massachusetts (where its principal place of business is located), while Complaint ¶5 alleges on information and belief that both those facets of Sentry's citizenship make it a Wisconsin citizen. Because neither of those placements would seem to presage an Illinois situs for this contract dispute, Complaint ¶¶9 and 15 assert on information and belief that the

two facultative reinsurance certificates at issue were negotiated and drafted in Illinois, with the parties contemplating that performance would be conducted through INA Re's "Midwestern Office" located in Chicago.

Neither of the reinsurance certificates has been made an exhibit to the Complaint, however, and this Court's experience has been that comprehensive and complex contracts of that type most frequently contain forum-selection or choice-of-law clauses or both. Accordingly this Court orders R&Q's counsel to deliver copies of the two certificates referred to in the Complaint to this Court's chambers on or before December 21, 2012--and if any other document that is operative as between the parties and that relates to the subject matter of this action contains a forum-selection or choice-of-law provision, copies of that document or those documents must be delivered to this Court's chambers as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 12, 2012

2