IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

R&Q REINSURANCE COMPANY, etc.,   )
                                 )
             Plaintiff,          )
                                 )
    v.                           )   No. 12 C 9788
                                 )
SENTRY INSURANCE A MUTUAL        )
COMPANY,                         )
                                 )
             Defendant.          )

## MEMORANDUM ORDER

R&Q Reinsurance Company ("R&Q") has filed its Reply and Affirmative Defenses ("ADs") to the Counterclaim brought against it by defendant Sentry Insurance A Mutual Company ("Sentry"). This memorandum order is issued sua sponte because of several problematic aspects of that responsive pleading.

To begin with, the entire pleading is stricken because of its counsel's noncompliance with this District Court's LR 10.1, the obvious purpose of which is to enable the reader to see just what is and is not in issue between the litigants without the awkwardness of having to flip back and forth between two separate documents. It is frankly difficult to understand such noncompliance, both because local counsel for R&Q (who signed the pleading) is a member of a major Chicago law firm with vast experience in practicing here and because Sentry's Counterclaim was itself part of a pleading that, in answering R&Q's Complaint, had complied with LR 10.1's directive.

Because R&Q's counsel must return to the drawing board in

any event, it is also worthwhile to deal here with some particulars that merit attention in that process. What follows then addresses those matters.

To begin with, the "[n]either admits nor denies" locution in Reply ¶¶1 and 2 is inappropriate under Fed. R. Civ. P. ("Rule") 8(b)(1)(B), in part because it is not true that "no response is required." Both Reply ¶¶1 and 2 can simply be admitted, with the Reply ¶1 admission being qualified by the partial denials in the present pleading.

Next, it does not conform to the principles of notice pleading (which are really applicable to respondents as well as to claimants) for a response to refer to other documents generically for their contents, rather than being directly responsive to an opponent's allegations (see Reply ¶¶52-54, 61 and 63-70). Those responses must be rewritten in a more informative way in the repleading authorized at the end of this memorandum order.

Lastly, what are characterized as ADs in the Reply leave something to be desired. Here are the problems:

    1. AD 1's laundry list is completely uninformative, for it totally fails to identify the asserted flaws in the Counterclaim. If R&Q wishes to reassert any or all of those defenses, which do not do the job contemplated by Rule 8© and the caselaw construing it (and see App'x ¶5 to State

Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) such defenses must be fleshed out and presented by an appropriate motion for disposition.

    2. AD 2, which is basically the equivalent of a Rule 12(b)(6) motion, must be advanced promptly (again on a fleshed-out basis), failing which that contention will be deemed forfeited.

    3. AD 5 is really meaningless and should be omitted the next time around. If, as and when some new AD may become available, R&Q will have to tender it by motion--nothing is gained by a purported reservation of right.

Leave is granted to R&Q to file a self-contained Amended Reply and ADs on or before February 27, 2013. No charge is to be made to R&Q by its counsel for the added work and expense incurred in correcting counsel's errors. R&Q's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 14, 2013